ORRIN N. HILTON, JUDGE OF PROBATE v. EMORY O. BRIGGS, ADMINISTRATOR ET AL.

*Estates of decedents—administrator's inventory—Personal judgments without notice—Action on administrator's bond.*

1. An administrator is not conclusively bound by the inventory he files of the decedent's estate, but may explain and correct it; he may show, *e.g.*, that property inventoried did not belong to decedent, but to a firm in which he was a member.

2. Personal judgments cannot rest on fictions of law nor be pronounced without an opportunity for hearing.

3. An administrator is not to be treated as at all times before the court and bound at his peril to know of proceedings affecting him.

4. An order that an administrator shall pay the claims against the estate in a given time will not bind him if made as of course on a showing merely that all claims are in and that they amount to less than the estate as appraised: it will at most oblige him in a later proceeding to show cause for not doing so. And on his default an order permitting his bond to be prosecuted determines only the right to sue on it; it does not fix the administrator's liability.

5. One whose claim against an estate has been allowed but has not been paid within the time limited, makes a prima facie case in an action on the administrator's bond if he shows an inventory of assets exceeding the debts and an order for the payment of the debts; but defendants may rebut this by showing a deficiency of assets.

Error to Van Buren.     (Mills, J.)     June 10.—June 25.

DEBT. Defendants bring error. Reversed.

*Annable & Fitch* for appellants. An inventory is only prima facie proof as to what constitutes the property of the estate, and is always subject to disproof by either party: Schouler's Executors and Administrators, § 236 : *Cameron v. Cameron* 15 Wis. 1 ; *Willoughby v. McCluer* 2 Wend. 608.

*Benj. F. Heckert* for appellee.

COOLEY, C. J. The defendant Briggs is administrator upon the estate of Charles G. Nash, late of the county of Kalamazoo, who died intestate in August, 1882. The appointment as administrator was made September 11, 1882. In the following month Briggs filed an inventory showing property to the amount of $527.48, and also, under the head of "Inventory of property belonging to E. O. Briggs and C. G. Nash, the undivided one-half of which belongs to C. G. Nash, deceased," further property was specified, the undivided one-half of which was appraised at $16,141.44. The judge of probate heard and passed upon the claims against the estate of Nash, and allowed several, aggregating about $2500, of which one of $599.92 was allowed to William J. Sellick. At the time of making these allowances the judge of probate entered an order that the administrator pay the same, with interest within ninety days from that date. After the expiration of the ninety days, the claims not being

paid, the administrator on application of Sellick was cited to show cause why his official bond should not be sued; and on return of the citation an order giving leave to sue upon the bond was granted.

The present suit was then instituted in the name of the judge of probate for the use of Sellick, and judgment has been recovered for the amount of Sellick's claim. The questions that arise upon the record relate to the exclusion of evidence, and they may be briefly stated. The defendants claimed a right to show and offered to show that the only individual property belonging to Nash at the time of his decease was that which was inventoried and appraised at the sum of $527.48, and that the whole amount of that had been exhausted in allowances under the statute to the widow, and in the payment of funeral expenses and expenses of the last sickness; that all the remaining property in which Nash had an interest was property of the partnership of Briggs & Nash of which the administrator was the survivor; that said partnership at the time of the death of Nash was indebted to the amount of $20,000 and upwards; that the survivor has taken charge of the partnership property and business; but that at no time has it been possible to dispose of the property and save anything therefrom for the payment of the individual debts of Nash, after the satisfaction of partnership debts. The defendants also offered to show that the administrator had no notice of any application for the order directing the payment of claims within ninety days, and that he first learned of the same when he was cited to show cause why his bond should not be prosecuted. The circuit judge was of opinion that the order for the payment of claims— the same not having been appealed from—was conclusive upon the defendants in this suit, and he therefore directed a verdict for the plaintiff for the amount of Sellick's claim.

This ruling was based upon an assumption by the circuit judge, that, as the inventory showed ample means for the payment of all claims, the order for the payment of claims within the time specified was warranted by law, and if not entirely proper, was not void; and that if for any reason the

administrator was unable to satisfy the claims from the assets of the estate he should have shown the fact when cited to show cause why his bond should not be prosecuted, and not having done so, he and his sureties are concluded by the order made on that citation.

We think the court has misapprehended the proceedings in these cases. There is and can be no claim that the administrator is absolutely bound by the inventory which he files in the case. The inventory is only a report of property which he is subsequently to account for; but there are many ways of accounting besides the production of money to the appraised value. The property may turn out to have belonged to some third party instead of to the decedent, or it may prove worthless, or be accidentally destroyed without the fault of the administrator; or it may on a proper sale produce far less than the appraised value. In this case the administrator offered to prove that it did not belong to the intestate but to a partnership of which the intestate was a member, and whose debts would exhaust it. If this was true, he made a mistake in having it inventoried and appraised as assets in his hands; but the mistake was one which was easily explained and might be readily corrected. And we do not doubt his right to explain and correct it.

The judge of probate appears to have assumed that the order for the payment of claims was to be entered as of course when the claims were all in and were found to be below the amount of the estate as appraised. If this was correct the order certainly could not bind the administrator; it could at most only oblige him to pay the debts within the time fixed or show reason in some future proceeding for a failure to do so. No person can have a personal obligation established against him in any judicial proceeding without an opportunity to be heard upon it. The suggestion made on the argument in this Court that the administrator is to be deemed at all times before the court and must at his peril take notice of the proceedings, is wholly inadmissible. No prudent person would accept the office of administrator under such a liability; and the assumption of presence, if to be

indulged at all, would be a mere fiction of law. But there must be a better foundation than a fiction of law for a personal judgment.

If the order for the payment of claims does not bind the administrator, neither does the order giving leave to prosecute the bond. That order does not fix the liability of the administrator. If it did the subsequent suit would be worse than an idle ceremony; for it would uselessly impose upon parties and witnesses an expenditure of time and money, put the county to expense and impose labor upon the court, for the mere purpose of establishing a liability which was already fixed. The Legislature would never require this. If the liability were fixed, it would be a very simple matter to authorize process from the probate court for its enforcement.

But the order giving leave to prosecute the bond is an order which merely determines that it is proper, under the circumstances, that the claimant should be at liberty to show, if he can, in a court of law, that the administrator and his sureties are under legal obligation to satisfy his claim or some part of it. It is in that court that the question of liability is to be tried, and in that court the obligors in the bond are at liberty to meet any case which may be prima facie made out against them.

In this case the claimant showed that his claim was allowed, and to that extent his showing was conclusive. But the showing of the inventory and the order for the payment of debts at the most only made a prima facie case, and the defendants were at liberty to rebut this by any showing which would establish a deficiency of assets. The order for leave to prosecute the bond merely determined the right to bring the suit. It determined nothing more.

A new trial must be ordered.

The other Justices concurred.