*In re* Moran.

---

*In re* GEORGE E. MORAN, *Petitioner.*

No. 17,299.

SYLLABUS BY THE COURT.

PROBATE COURT—*Concealed Property—Enforcement of Order to Return—Contempt.* Under sections 3632 and 3636 of the General Statutes of 1909 the probate court has authority to examine for concealed or embezzled property belonging to an estate and enforce its return to the administrator or other proper custodian, and, if the person so embezzling or concealing such property refuse to comply with the order to restore the same, he may be imprisoned as for contempt of court, and when so imprisoned he will not be discharged by a writ of habeas corpus.

Original proceeding in habeas corpus. Opinion filed December 10, 1910. Writ denied.

*H. M. Jackson,* and *Z. E. Jackson,* for the petitioner.

*J. L. Berry, B. F. Hudson,* and *Charles T. Gundy,* for the respondent.

The opinion of the court was delivered by

GRAVES, J.: This is an application for a writ of habeas corpus by George E. Moran, who is imprisoned in Atchison county for contempt of court. He claims that the order of imprisonment is void. It appears that the petitioner was called to ·Atchison by his brother, John H. Moran, who was seriously sick at that place. While the petitioner was there his brother died. The latter left his property, or a part of it, in the possession of the petitioner. The widow, who had separated from her husband, being apprehensive as to the safety of the property belonging to the estate of her deceased husband, began a proceeding against the petitioner under sections 3632 and 3636 of the General Statutes of 1909 (Gen. Stat. 1868, ch. 37, §§ 196, 200), which read:

"Upon complaint made to the probate court by the executor, administrator, creditor, devisee, legatee, heir, or other person interested in the estate of any deceased person, against any person suspected of having concealed, embezzled or conveyed away any money, goods, chattels, things in action, or effects of such deceased, the said court shall cite the person suspected forthwith to appear before it and to be examined on oath or affirmation touching the matters of the said complaint.

"If upon such examination the probate court shall be of opinion that the person accused is guilty of either having concealed, embezzled or conveyed away any moneys, goods, chattels, things in action, or effects of the deceased, as aforesaid, the court may compel the delivery thereof, by attachment, to the executor or administrator or other person entitled to receive the same."

The court held an examination and found that the accused was guilty as charged, and ordered him to return the concealed property to the administrator of John H. Moran. Failing to comply with the command, an order

of attachment was issued and the accused was committed for contempt until the order should be obeyed. Thereupon this application for a writ of habeas corpus was made, it being contended that the order of the court was without jurisdiction and void.

It is claimed that under the statute the probate court may hold an examination as to the concealment of property, but has no power to enforce its production and return by attachment. We do not so regard the law. The primary and principal purpose of this statute is to protect and preserve the property of estates, that it may not be lost. The probate court is required, when property is withheld from the administrator or other proper custodian, to cause it to be restored to such person. This is a convenient and appropriate tribunal for such purpose, and it has been clearly and expressly authorized to perform this duty. It does not seem reasonable that such a duty would be imposed upon the probate court without power to enforce the necessary orders to accomplish that end. Without such power, the statute would be useless. What effect other than the return of the property the decision of the court in such proceeding would have as to the title to the property—whether the order would be conclusive or not or how the rights of the parties in other respects might be affected—need not be determined here. The scope of this statute has been to some extent stated in *Humbarger v. Humbarger,* 72 Kan. 412, and *Hartwig v. Flynn,* 79 Kan. 595. The statute positively authorizes the use of an attachment with which to enforce the order, and this is what the court did. It seems that the court pursued the remedy prescribed by statute, and nothing more. If the law is valid the court was right. The law is not assailed as invalid, and we do not know of any reason why it should be so held. We are unable to find that the court committed error in issuing the writ of attachment, and do not feel authorized to issue the writ of habeas corpus as requested. The writ is denied.