J. F. LEYERLY, revived in the name of CLYDE BAILEY, as Administrator, etc., *Appellant,* v. O. G. LEYERLY et al., *Appellees.*

No. 17,349.

SYLLABUS BY THE COURT.

1. APPEAL—*From Probate Court—Jurisdiction of District Court.* In this proceeding, on appeal from the probate court the district court had no jurisdiction to determine the disputed rights of property, but had jurisdiction simply to find the fact of whether the appellees had concealed, embezzled or conveyed away any of the property or money belonging to the estate, and to make and enforce proper orders for the preservation thereof.

2. ———— *Effect of Judgment.* A judgment in such action, general in form, finding in favor of the defendants therein is not a determination of rights of property, but simply amounts to a finding that such defendants are not guilty of doing the things complained of.

Appeal from Sumner district court. Opinion filed June 8, 1912. Affirmed.

*F. A. Dinsmoor,* for the appellant.
*James Lawrence,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: O. G. Leyerly, sr., died September 10, 1906, intestate; at least he had made no written will. He had a farm with matured and growing crops on it grown by share renters, a horse, some hogs, cattle, etc. He was a widower and left three sons and two daughters. One of the sons, O. G. Leyerly, jr., claimed that he, his brother P. E. Leyerly, and two sisters owned all the personal property by virtue of conversations in which the father told them that he wanted the son, O. G. Leyerly, to farm the place for five years and to pay all debts except doctor bills and funeral expenses, and the four children at home, being all the children except

J. F. Leyerly, were to have the personal property. The son, O. G. Leyerly, after his father's death proceeded to sell wheat, hogs and oats without any letters of administration, and claimed to have expended some of the money on his father's indebtedness, including interest on a mortgage on the land. Two or three administrators of the estate were appointed and successively resigned without accomplishing anything in the way of administration, until finally one W. F. Thornton was appointed administrator and, after considerable controversy, had appraised and took charge of some of the personal property which had not been disposed of.

Thereafter J. F. Leyerly filed complaint under section 3632 of the General Statutes of 1909 in the probate court of the county charging his brothers, O. G. Leyerly and P. E. Leyerly, with concealing, embezzling and conveying away property belonging to the estate. Citation was had and a hearing before the probate court, the evidence being reduced to writing. Thereupon, upon motion of O. G. Leyerly, the probate court dismissed the complaint for want of jurisdiction and adjudged the costs against J. F. Leyerly. An appeal was taken to the district court of the county, where the administrator of J. F. Leyerly, who in the meantime had died, appeared as plaintiff. The district court, after hearing the case, rendered judgment in these words:

"The court after due consideration and being well advised and informed in the premises, finds for the appellees and against the appellant and orders the costs of this action taxed to the appellant and dismisses the appeal."

It is contended by the appellant that the district court dismissed the case for want of jurisdiction, while the appellees contend that the district court had jurisdiction to render and did render judgment on the merits in their favor. A motion for a new trial was overruled.

The appellant also contends that the court should have made a finding that the appellees were or were not guilty of the charge and that the court had jurisdiction to determine the title to the property for the purpose of administering the estate without finally determining the disputed question of title.

The probate court had jurisdiction to hear evidence and to find, *prima facie*, for the purposes of the proceeding, whether the property belonged to the estate or to the party accused of wrongfully withholding it. Such opinion of the facts determines whether the court should compel a delivery of the property as provided for in section 3636 of the General Statutes of 1909. To compel by order and attachment the delivery of the property to the executor or administrator or to refuse such order is the extent of the jurisdiction of the probate court. That court has no jurisdiction to render a final judgment determining the rights of property between the parties to the proceeding. The purpose of the proceeding is only to discover property claimed to belong to an estate and to preserve it until the right of property involved can be determined by a court of competent jurisdiction. (*Hartwig v. Flynn,* 79 Kan. 595, 100 Pac. 642; *Humbarger v. Humbarger,* 72 Kan. 412, 83 Pac. 1095; *In re Moran,* 83 Kan. 615, 112 Pac. 94.) The probate court, in perhaps not the most lucid form, expressed its opinion as against the administrator's claims by dismissing the complaint. The district court by the appeal acquired no jurisdiction not vested in the probate court. (*Parker v. Railway Co.,* 70 Kan. 168, 78 Pac. 406.) It follows that the district court could not in such proceeding, and we think did not attempt to, render any judgment determining the ultimate rights or title of the parties to the property in question. The district court reviewed the evidence and apparently came to the same conclusion as had the probate court, and dismissed the appeal.

The judgment is affirmed.