No. 20,381.

ERNESTINE AHNERT, *Appellant*, v. ALBERT AHNERT, *Appellee*.

SYLLABUS BY THE COURT.

1. DEED—*Reservations to Grantor—Harvested Wheat Belongs to Grantor's Estate.* A deed reserved the rents, issues and profits of the land to the grantor for his life, and after his death to his wife for her life. *Held,* the widow of the grantor took no title to rent wheat grown on the land, which was harvested, threshed and placed in granaries before her husband's death, as against the executor of his estate.

2. SAME—*Executor's Participation in Probate Court Proceedings—No Estoppel to Claim Harvested Wheat.* The probate court, acting under the impression that the wheat belonged to the widow, directed the executor to correct his inventory accordingly. *Held,* the executor was not estopped from claiming the wheat as assets of the estate by participating in the probate court proceeding.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed October 7, 1916. Affirmed.

*Paul R. Nagle,* of Saint John, for the appellant.

*F. L. Martin,* and *Van M. Martin,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a widow against the executor of her husband's estate for the value of a quantity of wheat claimed by the executor as assets of the estate. The plaintiff was defeated and appeals.

The plaintiff and William Ahnert were married in 1908. An antenuptial agreement provided that each should continue to own and control his own property. The husband owned a tract of land which he afterwards conveyed, the plaintiff joining him, by a deed containing the following reservation:

"The parties of the first part hereby expressly reserve to themselves, and their assigns the full benefit and use of the above described premises and the rents, issues and profits thereof, for and during their natural life, and on the death of either of the first parties the survivor shall have the benefit, use, rents and profits for and during his or her natural life."

In the fall of 1913 the land was sown to wheat. In 1914 the crop was harvested, threshed and placed in. granaries on the premises. Afterwards, and in August, 1914, William Ahnert died, leaving a will which was duly probated. The executor marketed the decedent's share of the wheat and declined to turn over the proceeds to the plaintiff.

The plaintiff says that her husband could increase the amount of property she was allowed by the antenuptial contract and could create an estate in her favor in the land and its rents, issues and profits by reservation in his deed, all of which is not disputed by the defendant. The difficulty with the plaintiff's claim consists in this: According to the terms of the reservation in the deed the rents, issues and profits of the land which accrued before the death of William Ahnert belonged to him. The plaintiff may claim rents, issues and profits arising subsequent to her husband's death but she has no title to rent wheat placed in the bin before his death.

The status of the wheat under the reservation contained in the deed was considered informally by the probate court, which reached the conclusion the wheat belonged to the plaintiff and directed the defendant to correct his inventory accordingly. The defendant took legal advice, became satisfied the wheat belonged to the estate, and so treated it. The probate court had no jurisdiction to make a final adjudication of title to the wheat (*Hartwig v. Flynn,* 79 Kan. 595, 100 Pac. 642) and the defendant did not estop himself from claiming the wheat in his official capacity by participating in the probate court proceedings.

The judgment of the district court is affirmed.