No. 28,984.

Dan J. Fry, *Appellee,* v. B. T. Riley, W. E. Hogueland, Mary E. Nicely, Maggie S. Neylon and Ida S. Widder, *Appellants.*

(291· Pac. 748.)

Opinion filed October 11, 1930.

*G. H. Lamb, W. E. Hogueland,* both of Yates Center, and *B. T. Riley,* of Paola, for the appellants.

*Travis Morse, F. J. Oyler* and *G. R. Gard,* all of Iola, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This is an action brought in the district court of Woodson county under R. S. 22-1001, 22-1002 and 22-1004 by a creditor of an estate against the administrators and the sureties on their bond, alleging his right under the statute to recover. on ·the bond the amount of his claim against the estate because of the unreasonable delay of the administrators in collecting the debts and effects of the deceased, in selling the real estate of the deceased and paying on the claims allowed what they had in their hands, and because of the failure of the administrators to perform their duties as such administrators in various other particulars.

The answer admitted the official character of the administrators and the execution of the bond, but denied generally and particularly any acts of negligence and omissions of duty, setting out at some length the things done in the administration of the estate, and further plead want of jurisdiction in the district court because the administration of the estate was still pending in the probate court of that county.

After the filing of a reply the cause was tried to a jury and a verdict returned for the plaintiff, on which judgment was rendered

against the defendants for the amount claimed, with interest, from which judgment the administrators and sureties appeal.

The record shows the jurisdictional question was raised before the filing of the answer, and again before the introduction of testimony, and on the hearing of the motion for new trial, and the adverse rulings by the trial court on this question are included among the assignments of error.

The creditor, under the terms of the sections above named, is not limited to any particular court for the enforcement of his claim against the administrators and sureties on their bond. The only preliminary requirement of him is that his claim against the estate must have been allowed (R. S. 22-1002), and the petition and proof in this case fully covered this point.

Counsel for both sides very naturally, in the shape the case comes here for review, mingle the evidence in the case with their discussions of the jurisdictional question, as, for example, the reasonableness or unreasonableness of the delay of the administrators in making collections, sales, reports and payments, but the jurisdictional question should properly be considered apart from the evidence. It should be based upon the pleadings, on the objection of the appellants to the introduction of any evidence and on the rendition of judgment if the record shows any want or lack of jurisdiction.

The appellants do not point out any technical defect or fatal omission in the allegations of the petition which would defeat the plaintiff's right to recover if supported by competent evidence and the action was being maintained in the proper court. The real question then is, Which was the proper court in which to bring this action? We think a confusion has arisen in the case partly by reason of references in the answer and reply to a certain proceeding having been commenced by one of the administrators under R. S. 22-1301, citing a sister of the deceased as being suspected of having concealed and embezzled certain effects of the deceased. This section provides specifically that the action must be commenced in the probate court, and a subsequent section (R. S. 22-1305) authorizes the court to compel the delivery of such property by attachment. The position taken by plaintiff in his reply in regard to this matter was that while such citation was commenced by one of the administrators no further steps were ever taken by way of trial, hearing or order, and he cites *Leyerly v. Leyerly*, 87 Kan. 307, 124 Pac. 405, to show the limitation of the authority of the probate court under

such statute, and that the district court alone can determine the rights of property between the parties, where it was said:

"To compel by order and attachment the delivery of the property to the executor or administrator or to refuse such order is the extent of the jurisdiction of the probate court. That court has no jurisdiction to render a final judgment determining the rights of property between the parties to the proceeding. The purpose of the proceeding is only to discover property claimed to belong to an estate and to preserve it until the right of property involved can be determined by a court of competent jurisdiction." (p. 309.)

The same situation existed in three other cases cited by the appellee in this connection, viz., *Hartwig v. Flynn*, 79 Kan. 595, 100 Pac. 642; *In re Moran*, 83 Kan. 615, 112 Pac. 94; *Lindholm v. Nelson*, 125 Kan. 223, 264 Pac. 50. They all relate to the determination of the rights of property or title to property, in which matters the jurisdiction is limited to the district court.

If after such a citation and hearing as mentioned in the pleadings, regardless of the findings, a proper party desired to determine the rights of property, the jurisdiction would most certainly be in the district court and not in the probate court. The answer in this case referred to this proceeding in the probate court as an item of diligence on the part of the administrator procuring the citation, and alleged that the finding was against the administrators. This was merely an alleged element of defense. It had nothing to do with placing the jurisdiction. That is usually fixed by the allegations of the petition.

The petition alleged negligence on the part of the administrators in the discharge of their duties and the right of the creditor under the statute (R. S. 22-1001, 22-1002, 22-1004) to recover from them and their sureties the loss sustained by him on account of such negligence, plainly not a matter involving the rights of property or title to property, but a question coming strictly within the powers of the probate court where it has original jurisdiction "to direct and control the official acts of executors and administrators, settle their accounts and order the distribution of estates." (R. S. 20-1101.)

Since the statute under which this action was brought is silent as to the court in which it may be commenced, it is fair to conclude it might very properly be brought in either court, unless there is something to directly hinder or prevent it. It has always been the rule that where two courts have concurrent jurisdiction of any subject

matter the one first acquiring jurisdiction shall retain it. (*Johnson v. Cain,* 15 Kan. 532; *Ewing v. Mallison,* 65 Kan. 484, 70 Pac. 369; *Juhlin v. Hutchings,* 90 Kan. 618, 135 Pac. 598; *Hepner v. Hepner,* 115 Kan. 647, 223 Pac. 1095; *City of Hutchinson v. Hutchinson Gas Co.,* 125 Kan. 346, 264 Pac. 68.)

In the eighth paragraph of the petition it is plainly shown that the administrators were still acting as such when this action was commenced and that the estate was not settled or closed, but was still pending in the probate court.

The allegations of the petition in this case are almost identical with those in the petition in the case of *Stratton v. McCandless,* 27 Kan. 296, where the court held that where the administrator is still acting and the estate is not settled and the probate court has complete and ample jurisdiction against the administrator and over the estate, actions in other jurisdictions against the administrator and the sureties on his bond should not be maintained unless the allegations show it to be an exception to the general rule, and this leads us to note what we thought to be an exception in the allegations of the petition in the recent case of *Paul v. Butler,* 129 Kan. 244, 282 Pac. 732, where the probate judge was made a party defendant and the petition alleged fraud and conspiracy on the part of all the defendants, including the probate judge. (See, also, *Surety Co. v. Piatt,* 67 Kan. 294, 72 Pac. 775; *Toffler v. Kesinger,* 80 Kan. 549, 102 Pac. 1097.)

In another case it was held:

"No good reason can be seen why the sureties on the executor's bond should be required to answer in court and harassed with litigation until it has been determined whether default has been made by the executor, or whether there is any liability on the bond, by the tribunal specially provided to make such determination." (*Hudson v. Barratt,* 62 Kan. 137, 147, 61 Pac. 737.)

In the recent case of *Correll v. Vance,* 127 Kan. 840, 275 Pac. 174, it was held that:

"Where a party has a plain and adequate remedy by an ordinary legal proceeding in a probate court, touching a matter over which the probate court is already exercising jurisdiction with ample power to grant the relief prayed, he may not invoke the jurisdiction of the district court to accomplish the same purpose." (Syl. See, also, *Proctor v. Dicklow,* 57 Kan. 119, 45 Pac. 86; *Holmes v. Conway,* 128 Kan. 430, 278 Pac. 8.)

We conclude, in line with these and many other authorities, that the plaintiff had a plain and adequate remedy by the ordinary legal

proceedings in the probate court, which had already acquired and still retained jurisdiction of the subject matter of this action, and therefore he should not be permitted to invoke the jurisdiction of the district court to accomplish his purpose, and that it was error for the district court to assume jurisdiction of the subject matter and render the judgment attempted to be rendered against the defendants.

This of necessity entirely disposes of the case, and no good purpose would be served in passing upon the several other errors assigned as is sometimes done with advantage when a case is remanded for retrial, although this same matter may require a retrial in effect if appropriate proceedings should be instituted in the probate court and a possible appeal taken to the district court from a finding made in the probate court. Among the points of more or less serious concern which were ably discussed and handled in the briefs of counsel on both sides were in some cases the admission or rejection of evidence, the refusal to submit certain special questions to the jury, the giving and refusal to give certain instructions, and certain remarks of the trial judge to which objections were taken at the time.

The judgment is reversed for want of jurisdiction and the cause is remanded with instructions to set aside the judgment rendered therein and dismiss the action.