No. 29,944.

In the Matter of the Estate of Henry Mahannah, Deceased; WILLIAM MAHANNAH, Administrator with the Will Annexed, *Appellant*, v. EMMA BRILES, *Appellee*.

(299 Pac. 602.)

Opinion filed June 6, 1931.

*C. L. Foster,* of Sedgwick, for the appellant.

*George McGill, H. C. Castor* and *Victor J. Rogers,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This proceeding was brought in the probate court by the administrator of the estate of Henry Mahannah, deceased, in which Emma Briles was charged with concealing, embezzling and conveying away property and effects of the estate of the deceased which should have been delivered to the administrator. A citation was issued and upon a hearing in the probate court a decision adverse to the claim of the administrator was rendered. An

appeal was taken to the district court, and after a hearing there the decision was in favor of Emma Briles and against the administrator. From that decision he has appealed to this court.

The administrator alleged that Henry Mahannah was ninety-one years old when he died; that for thirteen years prior to his death he had been blind and deaf, during which time Emma Briles had been his confidential agent, writing his letters, making deposits for him in a bank, drawing checks and transacting most of his business. Plaintiff alleged that after the death of Mahannah, Emma Briles presented a check and drew from the bank $600 belonging to the estate; that he had made demand for the return of that money, which had been refused by the defendant. She answered denying concealment or misappropriation of any money of Henry Mahannah, and that all the property and effects in her possession had been turned over to the administrator. She also denied she had wrongfully withdrawn $600 from the bank that belonged to Henry Mahannah and that the $600 fund was and still is her own property. It was shown that the check drawn in her favor was dated April 29, 1929; that Henry Mahannah died on August 30, 1929. The check was presented to the bank and cashed a few hours after Mahannah's death. The trial developed that there had been no concealment by the defendant, that defendant took the check which had been issued months before his death and obtained the money out of Mahannah's account, a few hours after his death, and this money she claims is her own.

The trial court found that there was no concealment or embezzlement and that as she claimed to be entitled to the fund the right to try the controverted question as to its ownership could not be determined in this summary proceeding. The statute under which the proceeding was brought reads:

"Upon complaint made to the probate court by the executor, administrator, creditor, devisee, legatee, heir, or other person interested in the estate of any deceased person, against any person suspected of having concealed, embezzled, or conveyed away any money, goods, chattels, things in action, or effects of such deceased, the said court shall cite the person suspected forthwith to appear before it and to be examined on oath or affirmation touching the matters of the said complaint." (R. S. 22-1301.)

This statute has been interpreted and it has been held that its purpose was for discovery of concealed assets of an estate and to compel the delivery thereof to the administrator, and that where there was no concealment and there was a question of contested

right of ownership in property between the administrator and another party, the probate court was not the forum in which to litigate the contested claim. Such a question, it has been held, must be adjudicated in a court of competent jurisdiction where a contested party may have a jury trial. (*Humbarger v. Humbarger*, 72 Kan. 412, 83 Pac. 1095; *Hartwig v. Flynn*, 79 Kan. 595, 100 Pac. 642; *Leyerly v. Leyerly*, 87 Kan. 307, 124 Pac. 405; *Yockey v. Yockey*, 95 Kan. 519, 522, 148 Pac. 665.) · Here there was a contest whether the defendant was the rightful owner of the fund of $600 or whether it was a part of the estate and subject to the disposition of the administrator. Defendant's ownership may be ill- or well-founded, but the probate court had no jurisdiction to try the contested ownership of the fund and to determine the ultimate rights of the contesting parties. When the appeal brought the case to the district court that court could only exercise the jurisdiction of the probate court, and therefore could not determine the contested ownership in the summary proceeding brought by plaintiff.

The judgment is affirmed.