No. 35,044

Leidigh & Havens Lumber Company, Inc., *Appellee*, v. Mrs. Will F. Wyatt, *Appellant*. Goldie Hazel Larkin et al., *Appellees*.

(109 P. 2d 87)

Opinion filed January 25, 1941.

*Ralph Knittle*, of Salina, for the appellant.

*Z. C. Millikin, W. C. Millikin, D. E. Watson, Omer D. Smith* and *Rudolph Barta*, all of Salina, for the appellees.

The opinion of the court was delivered by

Wedell, J.: This was an action to foreclose a materialman's lien on real estate and to determine priorities between two liens of that character and between those liens and a first mortgage lien. The former lienholders prevailed as against the holder of the mortgage lien and only the latter appeals.

The trial court made the following findings of fact:

(1) "At the time of the trial of the above-entitled case, it was stipulated by and between the parties that Edgar White acquired title to the west 45 feet of lots 13, 14 and 15, in block 20, Southern Heights addition to the city of Salina, Kansas, by warranty deed from Nellie Mae White, said deed being dated October 18, 1938, acknowledged on October 22, 1938, and recorded in the office of register of deeds in and for Saline county, Kansas, on October 27, 1938.

(2) "The plaintiff, Leidigh & Havens Lumber Company, Inc., was at all times mentioned herein a corporation duly organized and existing under the laws of the state of Kansas, having a place of business in Salina, Kansas, and engaged in the business of selling general building materials.

(3) "The defendant M. R. Powell, was at all times mentioned herein a plumbing and heating contractor with his principal place of business in Salina, Kansas, and engaged in the business of plumbing and heating as a contractor.

(4) "The above-mentioned Edgar White died intestate on the 22nd day of July, 1939, leaving surviving him as his sole heirs at law the above-named defendants, Goldie Hazel Larkin, Nell White, Eva White, his daughters, all of whom are of lawful age.

(5) "On the 27th day of November, 1939, the said Eva White was duly appointed administratrix of the estate of the said deceased, Edgar White, by the probate court of Saline county, Kansas, and was at all times herein mentioned after said 27th day of November, 1939, the duly appointed, qualified and acting administratrix of said estate, and as such administratrix is one of the above named defendants.

(6) "Mrs. Will F. Wyatt, one of the above-named defendants, is the owner and holder of a promissory note for $2,000 signed by said Edgar White and secured by a mortgage on the above-described real estate, said note being dated October 25, 1938, payable five years after date and bearing interest at the rate of 5½% per annum, payable semiannually, as shown by the terms of said note and evidenced by interest coupons attached thereto.

(7) "The remaining defendants named in the above-entitled action have either filed a disclaimer of any interest in said real estate or have made default by failing to file any pleadings in the case.

(8) "On October 13, 1938, said Edgar White commenced the excavation of a basement on said property as a part of the construction of a dwelling house thereon and thereafter work was continued and construction of the house continued until June 13, 1939.

(9) "During the months of September and October, 1938, the said Edgar White was negotiating for a loan in the sum of $2,000 with R. P. Cravens & Sons, for the purpose of obtaining money with which to construct the dwelling house upon said real estate, and said negotiations culminated in the said R. P. Cravens & Sons loaning to said Edgar White the sum of $2,000, said loan being represented in this action by the above-mentioned note, dated October 25, 1938, and payable to Mrs. Will F. Wyatt and secured by mortgage upon said real estate, bearing even date with said note.

(10) "The defendant Mrs. Will F. Wyatt was a customer of said R. P. Cravens & Sons and at the time said R. P. Cravens & Sons made said $2,000 loan to said Edgar White, she had on deposit with said R. P. Cravens & Sons, the sum of $2,000. The said R. P. Cravens & Sons had been authorized by said defendant Mrs. Will F. Wyatt to purchase a $2,000 loan for her with said $2,000 deposited with said R. P. Cravens & Sons. The said R. P. Cravens & Sons instead of making said $2,000 note and mortgage from Edgar White payable to themselves, and afterward assigning same to said defendant Wyatt, made the note payable to said Mrs. Will F. Wyatt and inserted the name of Mrs. Will F. Wyatt as the mortgagee in the mortgage securing said $2,000 note, and on said October 25, 1938, charged the account of Mrs. Will F. Wyatt with said R. P. Cravens & Sons $2,000 and credited on their books said $2,000 to the account of Edgar White, and after the execution and delivery of said $2,000 note and mortgage by said Edgar White, said R. P. Cravens & Sons delivered said note and mortgage to the said Mrs. Will F. Wyatt. The said Mrs. Will F. Wyatt at no time knew of or participated in the making of said loan, and purchased said loan from said R. P. Cravens & Sons for the sum of $2,000.

(11) "On or about October 13, 1938, plaintiff, acting by and through its authorized manager and agent, entered into an oral contract with Edgar White for the sale of certain building material to be used in the erection of said dwelling house upon the above-described real estate, and at the time said plaintiff, through its agent, agreed to sell to said Edgar White the building material consisting principally of lumber and cement, but including other building material, as shown by plaintiff's exhibit one and in evidence in this case, at the prices therein stated; and thereafter on October 13, 1938, made the first delivery of part of said building material to said Edgar White upon the above described real estate and continued to deliver said materials as ordered by said Edgar White to said Edgar White upon said real property above described, the last delivery of said material being made as aforesaid upon June 13, 1939. All of said materials so delivered as aforesaid, were actually used in the construction of said dwelling house on said real estate.

(12) "On September 2, 1939, plaintiff filed in the office of the clerk of the district court of Saline county, Kansas, its mechanics lien statement, as evidenced by the original mechanics lien statement so filed and in evidence in this case.

(13) "Prior to October 10, 1938, the defendant M. R. Powell entered into an oral agreement with the said Edgar White, wherein he agreed to supply the material and furnish the labor for the heating and plumbing for said dwelling house to be constructed upon said real estate, and commenced work under said contract on or about October 13, 1938, and continued the supplying of material and labor for the plumbing and heating in said dwelling house until May 31, 1939, at which time the last of said heating and plumbing material was so furnished. By the terms of said oral contract between said M. R. Powell and said Edgar White, the contract price for the labor and material to be furnished thereunder totaled the sum of $443. On account of the illness and death of the said Edgar White, all of the heating and plumbing material so contracted for was not furnished and said contract work has not been completed. A detailed statement of the material and labor furnished is not in

evidence, but the court finds that plumbing and heating material consisting of water pipes, soil pipes, bath pipes, wall heaters in bath and bed room, sink, trap, and furnace of the value of and in the sum of $265 was furnished and used in the erection of said building, and labor of the value of $98 was performed in the erection of said building, making a total of $363 worth of labor and material supplied under said contract.

"During the month of February, 1939, the said Edgar White paid to the defendant M. R. Powell the sum of $200 to be applied upon said contract, leaving a balance due said M. R. Powell for material and labor which has been furnished and performed under said oral contract in the sum of $163.

(14) "On August 31, 1939, defendant M. R. Powell filed in the office of the clerk of the district court of Saline county, Kansas, his mechanics' lien statement for the aforesaid amount due him as the balance due and unpaid for labor and material furnished as evidenced by defendants' exhibit No. 21.

(15) "The said Edgar White was a carpenter by trade and in the construction of said house and in purchasing the material therefor he acted for himself both as owner and contractor.

(16) "Interest on said $2,000 note secured by said mortgage in the sum of $55 was due on October 25, 1939, and has not been paid. By the terms of said note upon such default being made all of the principal and interest shall, at the option of the legal holder of said note, become at once due and payable without notice, and the legal holder of said note, defendant Mrs. Will F. Wyatt, having declared and exercised her said option with regard thereto, the said note and interest thereon is by the court found to be in default.

(17) "The court finds that plaintiff furnished material to Edgar White in the sum of $1,074.77 which was actually used in the construction of the building upon said real estate.

(18) "The court further finds that defendant M. R. Powell furnished material and performed labor in the sum of $363 actually used and performed in the construction of the building on said real estate, and that said M. R. Powell has been paid the sum of $200, leaving a balance due said Powell for said material and labor furnished, in the sum of $163.

(19) "The court further finds there is due and payable to defendant Mrs. Will F. Wyatt, the legal holder of said note and mortgage, the sum of $2,055 with interest thereon at 10% per annum from October 25, 1939, until paid, and said defendant is entitled to have said mortgage securing said note foreclosed."

In the conclusions of law all claims for liens were sustained in the amounts claimed to be due. The liens of plaintiff and the defendant, Powell, were decreed to be first liens and of equal priority. The mortgage lien was made subject to each of the other liens. The findings of fact and conclusions of law were attacked in part by plaintiff and the defendant, Powell. Their motions were overruled and neither of them has appealed. The mortgage lienholder, appellant, moved to set aside only the conclusions of law. She also moved for a new trial. She contends the court erred in holding the claims of plaintiff and the defendant, Powell, constituted valid liens.

Before examining that contention we are confronted with a preliminary subject. It is the motion of Eva White and Nellie White, heirs of Edgar White, deceased, and Eva White, administratrix of decedent's estate, to dismiss the instant appeal. In support of that motion it is urged the respective claims for liens were not presented for allowance and classification in the probate court as required by law, and that the judgment of the district court is void for want of jurisdiction.

The theory of the contention is that where an estate is in process of administration, the probate court has exclusive jurisdiction over claims against the estate and that jurisdiction of the district court can be invoked only by appeal from the order of the probate court. In support of that position our attention is directed to G. S. 1939 Supp. 59-301, 59-1301, 59-1410, 59-2237, 59-2239; *Keith v. Guthrie,* 59 Kan. 200, 52 Pac. 435; *Correll v. Vance,* 127 Kan. 840, 275 Pac. 174; *Fry v. Riley,* 131 Kan. 252, 291 Pac. 748; *Johnson v. Lander,* 140 Kan. 329, 36 P. 2d 1006; *Roberts v. Wallace,* 141 Kan. 717, 42 P. 2d 594; *Wright v. Simpson,* 142 Kan. 507, 51 P. 2d 1; *Staker v. Gillen,* 143 Kan. 212, 53 P. 2d 821; *Shuckrow v. Maloney,* 148 Kan. 403, 83 P. 2d 118; *Page v. Van Tuyl,* 150 Kan. 285, 92 P. 2d 110. Neither of the statutes nor the decisions cited support the contention. These are statutory liens which attach to specific real estate. Materialmen's and laborers' liens on buildings and the premises upon which they are located attach from the date of the commencement of construction or repair. (G. S. 1935, 60-1401; *Kantzer v. Southwest Home Investment Co.,* 128 Kan. 401, 402, 278 Pac. 53.) G. S. 1939 Supp. 59-2239, in part, provides:

"No creditor shall have any claim against or lien upon the property of a decedent *other than liens existing at the date of his death,* unless an executor or administrator of his estate has been appointed within one year after the death of the decedent and such creditor shall have exhibited his demand in the manner and within the time herein prescribed." (Emphasis supplied.)

In the instant case the liens on this specific real estate existed prior to decedent's death and the lien claimants were not precluded from enforcing their security by appropriate actions in the district court. The claims were exhibited as authorized by law. The lien statements were both filed within less than two months after decedent's death and within the statutory period of four months after material was last furnished or labor performed. The instant action against the administratrix to foreclose the liens is considered a demand legally exhibited against decedent's estate from the time

the original process is served on the administratrix. (G. S. 1935, 22-704; G. S. 1939 Supp., 59-2238; 2 Bartlett's Kansas Probate Law and Practice, §§ 1118, 1119, 1120; *Masheter v. Lanning,* 151 Kan. 604, 100 P. 2d 682.) The instant action was commenced in less than six months after decedent's death. The district court manifestly had jurisdiction over the parties and the subject-matter of the action. The motion to dismiss the appeal is denied.

Appellant contends the lien claimants did not contract *with the owner* of the lots for the sale of materials or the furnishing of labor as required by G. S. 1935, 60-1401. On the record before us it is conceded: That prior to October 10, 1938, Powell entered into an oral contract with Edgar White to supply the material and furnish the labor for the heating and plumbing of the dwelling and that Powell commenced work under that contract on October 13, 1938; that Edgar White commenced negotiations in September and October of 1938 for a loan in order to obtain money to construct a dwelling upon the lots in question; that on October 13, 1938, White commenced the excavation of a basement on the lots as a part of the construction of the dwelling and thereafter the work and construction continued until June 13, 1939; that on October 13, 1938, plaintiff's agent contracted with White for the sale of materials to be used in the erection of the building and that the sale of the materials was made pursuant to such contract; White acquired title to the lots in question by warranty deed, dated October 18, 1938, and acknowledged October 22, 1938; appellant's note and mortgage was not executed until later, to wit, on October 25, 1938.

In view of these conceded facts we need not discuss the question of the sufficiency of decedent's equitable title to support the liens on the dates of his contracts with the lien claimants. On that subject, however, see *Nason v. Patten,* 88 Kan. 472, 129 Pac. 138, and cases therein cited. Under statutory provisions the liens for material and labor on the building and premises attached from the date construction was commenced and those liens are expressly made prior to all other liens or incumbrances which may attach subsequent to the commencement of the building or improvements. (G. S. 1935, 60-1401.) Excavation for the basement constituted commencement of the building. (*Mortgage Co. v. Weyerhaeuser,* 48 Kan. 335, 29 Pac. 153; *Security Stove & Mfg. Co. v. Sellards,* 133 Kan. 747, 749, 3 P. 2d 481.) In any event White was the owner not only of the equitable but of the legal title to the lots prior to the

execution of the mortgage and construction commenced prior to the time appellant's mortgage lien attached. It follows the trial court properly concluded the liens for materials and labor were prior and paramount to the mortgage lien.

Appellant contends the lien statements were fatally defective. The specific objection to plaintiff's lien statement is that it failed to state the name of the contractor or to name any person who contracted for the material. It is true the space intended for the name of the contractor was left blank. The statement did, however, allege Edgar White was the owner of the lots described. At the top of the itemized account which was attached to the statement and specifically made a part thereof, it clearly appeared the account was with Edgar White. The lien statement itself also contained the direct allegation that there was due and owing to plaintiff from the estate of Edgar White for the materials furnished, a balance in the sum of $1,074.37. The itemized account attached indicated that balance was due on the account of Edgar White. It is true the statute requires that the name of the contractor be included in the lien statement. (G. S. 1935, 60-1402.) The trial court specifically found from the evidence Edgar White was a carpenter by trade and that in the construction of the house and in purchasing the material therefor he acted for himself both as owner and contractor. That finding was not challenged by appellant and is now conceded. When a lien claimant contracts directly with the owner there are, of course, only those two parties involved in the transaction. Under such circumstances there is no contractor, in the ordinary sense of the term, to be named in the lien statement. (*Brown v. Walker,* 100 Kan. 542, 545, 164 Pac. 1092.) It appears the defendant, Powell, requested leave to amend his lien statement and that the court stated it would permit amendments of both the lien statements of plaintiff and the defendant, Powell, but not so as to affect the rights of the mortgage lienholder. The statute expressly provides that a lien statement may be amended in furtherance of justice in any manner except as to the amount claimed. (G. S. 1935, 60-1405.) In view of the judgment sustaining the liens we must and do assume the trial court later concluded the lien statements were sufficient or if amendments were necessary that he would consider them as having been made. In either view the ultimate judgment was correct and that is our only concern now.

The complaint concerning the lien statement of the defendant,

Powell, is that his account was not properly itemized. It is true his lien statement did not itemize all the material furnished or the hours of labor. He was not employed upon an hourly basis. It contained a statement that material was furnished in the sum of $265 and that labor was performed in the amount of $98, for a total sum of $363. It disclosed Powell had received the sum of $200, leaving an amount due to him in the sum of $163. It is true the statute requires that the lien statement shall set forth the amount claimed and the items thereof, as nearly as practicable. (G. S. 1935, 60-1402.) It is also true that owing to the illness and death of the owner, the plumbing work was not completed. Appellant emphasizes language employed in *Nixon v. Cydon Lodge*, 56 Kan. 298, 43 Pac. 236, where it was said:

"If the building had been completed according to contract and within the contract price, the items might not have been so important; but, as has been seen, the building was incomplete, and no one can tell what proportion of the work has been done, or the amount or value of labor and material necessary to its completion." (p. 303.)

No question of right to amend appears to have been raised in that case. What we have said concerning plaintiff's right to amend in the instant case applies with equal force to the lien statement of the defendant, Powell. (*Supply Co. v. Oil Co.*, 110 Kan. 468, 470, 204 Pac. 692.) Concerning the Nixon case, *supra*, it also may be noted that Rutledge Brothers had a contract to construct the entire building and that much of the work was done by subcontractors. Moreover, in that case the lien statement failed to itemize separately the material and the labor. That fact was stressed in the opinion (p. 303). In the instant case those items were separated. Furthermore, the evidence disclosed and the trial court found and enumerated the items of material furnished which were of the value of $265, the amount claimed for material. It further found that labor of the value of $98, the amount of the claim, was performed.

We think the trial court properly sustained the validity of the liens and correctly decided the issue of priority. We have noted various decisions from this and other jurisdictions cited by appellant and do not deem it necessary to further extend the opinion. Nothing in our own decisions requires a reversal and the judgment of the district court is affirmed.