JAMES M. GILLE V. MYRA B. ENRIGHT *et al.*

No. 14,508.   (84 Pac. 992.)

SYLLABUS BY THE COURT.

1. MORTGAGES—*Foreclosure—Effect on Junior Lien.* Real estate which has been once sold on an order of sale issued pursuant to a judgment of foreclosure, in a suit upon a note and a mortgage securing the same, cannot again be sold upon a judgment lien inferior thereto, under which the holder of the judgment had a right to redeem within fifteen months after the foreclosure sale.

2. JUDICIAL SALES—*Title of Purchaser at Second Sale, under an Inferior Lien.* Where, under the conditions set forth in the foregoing paragraph, an inferior judgment creditor causes execution to be issued and levied on the real estate so previously sold, and procures a sheriff's deed to be issued to himself thereon, he acquires no title thereto and has no standing to complain of any judgment which may be rendered in a suit brought by one in possession, after his right of redemption has expired, to quiet the title to the real estate.

Error from Wyandotte district court; J. McCABE MOORE, judge. Opinion filed March 10, 1906. Affirmed.

*Roland Hughes,* and *Junius W Jenkins,* for plaintiff in error; *T. A. Witten,* of counsel.

*Winfield Freeman, E. A. Enright,* and *James H. Austin,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.:  The essential facts in this case are as follow: In October, 1898, A. R. Ridenour commenced a suit against Mrs. Carrie L. Emmons and her husband, D. R. Emmons, on a promissory note given by them, and to foreclose a mortgage on certain real estate owned by Mrs. Emmons which had been given by them to secure the payment of the note. A personal judgment was rendered against Mrs. Emmons and her husband, and a judgment of foreclosure and order for the sale of the real estate was entered. Under

the order of sale the sheriff sold the land, on May 22, 1899, to one Hobbs, and issued Hobbs a certificate of sale therefor.   On May 3, 1900, the plaintiff in error, James M. Gille, obtained a general money judgment against Mrs. Emmons for a large sum, and caused execution to be issued thereon and levied on the same real estate that had been sold under foreclosure.   Under this execution the sheriff sold the real estate to Gille, on September 23, 1901.   On April 9, 1903, after confirmation of the sale, the sheriff made his deed for the real estate to Gille.

On November 27, 1903, Myra B. Enright commenced this suit to quiet title, claiming ownership of the real estate under a deed from Hobbs, and alleging that she was in possession thereof.   Gille and others were made parties defendant.

It appears that Mr. Emmons, within four or five months after the sale to Hobbs, made an arrangement with Hobbs for an assignment of the certificate of purchase and repaid a portion of the purchase-price, and paid all he agreed to pay Hobbs for the assignment before Hobbs procured the sheriff's deed and conveyed the land, at Mr. Emmons's request, to Enright.   Gille claims this transaction amounted to a redemption of the real estate by Mrs. Emmons, through her husband.   Many other questions are raised as to the validity of the sheriff's deed to Hobbs after Hobbs had equitably, at least, parted with all his interest in the land; as to the validity of the deed from Hobbs to Enright, and as to the deposit of the purchase-price in escrow, to abide the result of this suit, instead of paying it to Hobbs or Emmons.   It is also contended that Emmons could not thus devest his wife of her title to the land.   We regard none of these questions as material.   Section 4949 of the General Statutes of 1901 reads:

"Real estate once sold upon order of sale, special execution or general execution shall not again be liable for sale for any balance due upon the judgment or

Gille v. Enright.

decree under which the same is sold, or any judgment or lien inferior thereto, under which the holder of such lien had a right to redeem within the fifteen months hereinbefore provided for."

The land was sold to Hobbs on May 22, 1899, and Gille obtained his judgment against Mrs. Emmons on May 3, 1900, eighteen days before his right to redeem as a creditor began. The lien of his judgment was inferior to the lien upon which the land was sold, and he had three months within which he could have redeemed it. It is clear that the second sale, under which he claims title to the land, was forbidden by the statute and was void. (*Case v. Lanyon*, 62 Kan. 69, 61 Pac. 406.)

Gille did not claim he was in possession of the land, and as he has no right or title to it he has no standing to complain of any ruling or decision of the court in reference thereto. If Mrs. Emmons had redeemed the land, as he claims she in effect did, after his right to redeem had attached, he would have no better standing.

The order of the district court granting a new trial is affirmed.

All the Justices concurring.