No. 18,401.

J. M. GILLE, *Appellee,* v. D. R. EMMONS, as Administrator, etc., *Appellant.*

SYLLABUS BY THE COURT.

1. EXECUTORS AND ADMINISTRATORS—*Title to Property in Dispute—Property Should be Included in Inventory.*  Where the administrator of the estate of his wife has received a sum of money which he claims to have received from the sale of his own property, and another claims to be a creditor of the deceased wife and that the money received by the administrator accrued from the sale of her property and that he is entitled to have the money applied to the payment of his debt, the administrator should be compelled to make an inventory of such money received in his final account and settlement and may set up any claim he or any other person may have thereto.

2. PROBATE COURT—*No Jurisdiction to Try Title to Property.*
The probate court has no jurisdiction to try the title and
determine the ownership of the money so claimed by the ad-
ministrator and by another person not a party to the pro-
ceeding. The adverse claims can be tried only in a court
of competent jurisdiction. (*Hartwig v. Flynn,* 79 Kan. 595,
100 Pac. 642.)

Appeal from Wyandotte district court, division
No. 2; FRANK D. HUTCHINGS, judge. Opinion filed
February 7, 1914. Affirmed.

*James H. Austin,* of Kansas City, Mo., and *George
W. Littick,* of Kansas City, for the appellant.

*H. L. Alden,* and *Junius W. Jenkins,* both of Kansas
City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The preliminary facts out of which this
action arose are stated in *Gille v. Enright,* 73 Kan. 245,
84 Pac. 992. As will be seen by a reading of that case,
some of the issues upon which this action is founded
were attempted to be raised in that case but were held
unnecessary to the decision and were not decided.

The real issue in this case is whether Mrs. Emmons
repurchased from Hobbs, through D. R. Emmons as
her agent, the lots which had previously been owned
by her and sold in the foreclosure proceedings, and in-
stead of taking the title in herself had caused the con-
veyance to be made to Myra B. Enright in pursuance
of a contract to sell the lots to Mrs. Enright, or whether
D. R. Emmons, for himself, bought the lots from Hobbs
and caused the deed therefor to be made to Mrs. En-
right under a contract made for himself to sell the lots
to Mrs. Enright. There is no question but that the lots
were in fact conveyed by Hobbs to Mrs. Enright and
that Mrs. Enright paid to D. R. Emmons $7750 as the
purchase price thereof.

Mrs. Emmons having died before this payment was made, and D. R. Emmons having been appointed administrator of her estate, the question is whether the money paid to him belonged to the estate of his wife or to himself personally. It is contended that this question is *res judicata,* but we have been unable to find from the abstracts of the record any judgment, which has not been reversed or superseded by an appeal, that determines the question.

D. R. Emmons, as administrator of the estate of Carrie L. Emmons, after the time for settling the estate had expired filed a report of his administration in the probate court of Wyandotte county by which he claimed that he had received nothing of value belonging to the estate but some clothing, which he had disposed of as directed without receiving anything therefor, and that he had paid out nothing for the estate, and asked to be discharged.

Thereupon the appellee, Gille, made a showing that he had duly exhibited and given notice in writing of the presentment of his claim against the estate for $6274.24, with interest and costs of suit, upon a judgment rendered in his favor against Carrie L. Emmons in her lifetime on May 3, 1900, the judgment having been rendered in the district court of Wyandotte county.

It seems that the proceedings before the probate court were taken by appeal to the district court and the district court reversed the order of the probate court and ordered the appellant to inventory the $7750 in his final accounting and settlement of the estate and to set up any claim he or any other person might have or claim to have thereto in order that the matter might be adjudicated and determined in a proper proceeding in a court of competent jurisdiction. This seems to be in accord with the procedure in *Hartwig v. Flynn,* 79 Kan. 595, 100 Pac. 642.

The order is affirmed.

BURCH, J. (dissenting) : Emmons attempted to make final settlement as administrator of his wife's estate. Gille, who had a judgment against Mrs. Emmons which had been allowed as a claim against her estate, objected to the final settlement and claimed that Emmons had not inventoried the money received from the sale of the real estate mentioned in the case of *Gille v. Enright,* 73 Kan. 245, 84 Pac. 992. The probate court approved the final account and discharged the administrator. Gille appealed. The district court reversed the order of the probate court and ordered Emmons, as administrator, to inventory the money. The court found that Gille was entitled to present to a court of competent jurisdiction the question of the ownership of the fund in controversy, but made no determination whatever of that question itself. From this judgment the administrator appeals. This court holds that the money should be inventoried and that the probate court has no jurisdiction to try the title to the fund, that is, to adjudicate Gille's claim to it.

So far I might agree. But if the probate court had no jurisdiction to determine the validity or invalidity of Gille's claim upon the fund and the district court did not do so how does any phase of that question reach this court by appeal, and how can this court adjudicate and hold invalid one of the defenses to Gille's claim, that of *res judicata?* This, however, seems to be the effect of the following paragraph of the opinion:

"Mrs. Emmons having died before this payment was made, and D. R. Emmons having been appointed administrator of her estate, the question is whether the money paid to him belonged to the estate of his wife or to himself personally. It is contended that this question is *res judicata,* but we have been unable to find from the abstract of the record any judgment, which has not been reversed or superseded by an appeal, that determines the question." (*Ante,* p. 464.)

30—91 KAN.

Passing by the question suggested, I find in the abstract of the record a judgment, unreversed and unsuperseded, which was presented to the district court for its consideration and which concludes Gille from making further claim to the fund. That is the judgment in the case of *Gille v. Enright*.

The case of *Gille v. Enright* was this: Land belonging to Carrie L. Emmons was sold at a foreclosure sale to Hobbs who, after the period of redemption had expired, was given a sheriff's deed. After the sale to Hobbs, Gille, as a junior creditor, sold the land under execution on his judgment against Carrie L. Emmons, and a sheriff's deed was given to him. Hobbs sold the land to Enright, but under a previous arrangement for an assignment of the certificate of purchase Enright's money was to be paid to Emmons, or, as Gille claimed, to Mrs. Emmons. Gille claimed the land under his sheriff's deed. The court held that his sheriff's sale was void and that he took no title under the resulting deed. His remedy was to redeem from Hobbs, which he failed to do. Gille also claimed that Mrs. Emmons had, in effect, redeemed from Hobbs, but the court held that if such were the case his standing was not improved. (*Gille v. Enright*, 73 Kan. 245, 247, 84 Pac. 992.)

When the cause was returned to the district court Gille amended and supplemented his answer, and prayed that if the land were given to Enright, as it was certain to be, that the purchase price in the sum of $7750, which was in escrow awaiting determination of the litigation and which is the very fund now ordered to be inventoried, be given to him. The plaintiff, Enright, moved to strike out the allegations of the amended and supplemented answer as immaterial. Emmons made a similar motion. These motions were overruled. Enright, Emmons personally, and Emmons as administrator of the estate of Carrie L. Emmons, filed replies, and consequently the right of Gille to pur-

Gille v. Emmons.

sue this fund under his judgment against Carrie L. Emmons was formally made an issue in the case between him and Emmons individually and between him and Emmons as administrator.

The district court made the finding and rendered the judgment which follow:

"And the court further finds: that the said defendant James M. Gille, is not the owner of said real estate, and is not entitled to the possession thereof, and is not entitled in this action to recover the proceeds or any part thereof, arising from the sale of said real estate to said plaintiff before the commencement of this action.

"It is further considered, ordered, adjudged, and decreed by the court that the said James M. Gille is not entitled to recover the amount of the purchase price, or any part thereof arising from the sale of said real estate before the commencement of this action."

The words "any part thereof" evidently refer to such part as might satisfy Gille's judgment. The ground of the decision clearly was that because Gille did not exercise his right of redemption as a junior lien holder he not only lost whatever right he had to the land which became free from any claim he might assert, but lost the right to appropriate the proceeds of the sale of the land, which stood in place of the land itself, to the satisfaction of his judgment. Such I take to be the law, but whether the decision were right or wrong it has never been reversed or superseded and consequently is *res judicata.*

If this subject is to be considered at all I would reverse the judgment of the district court and affirm the judgment of the probate court on the ground that Gille has no concern with either the omission or inclusion of the fund in controversy in the administrator's final account.

Mr. Chief Justice JOHNSTON joins in this dissent.