Taylor v. Davis.

---

No. 20,957.

HARLAN TAYLOR, as Administrator, etc., et al., *Appellees*, v. RACHEL A. DAVIS, *Appellant*.

No. 20,058.

MAGGIE MCGUIRE, *Appellee*, v. RACHEL A. DAVIS, *Appellant*.

SYLLABUS BY THE COURT.

PARTITION—*Land Sold—Proceeds Impounded in Court—Jurisdiction Retained to Determine Untried Issues—Claims Against Estate.* In a partition suit the lands were partitioned and sold, and, by consent of all the parties, the court ordered a portion of the proceeds impounded in court to abide the judgment afterwards to be rendered on other issues, the proceeds to stand as the land itself, the court retaining jurisdiction of the cause for the determination of all the untried issues. One of the parties who had an interest in the land died before final judgment, and her administrator and persons having claims against her estate were made parties. On the facts stated in the opinion, it is held, that the court had authority to allow the administrator's claim for services, attorneys' fees, costs and expenses of litigation, and claims against the estate, and to make them liens against the fund and to apportion costs and attorneys' fees between the original parties upon an equitable basis.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed July 7, 1917. Affirmed.

C. S. Ritter, of Iola, for the appellant.

F. J. Oyler, Travis Morse, and G. E. Pees, all of Iola, for the appellees.

The opinion of the court was delivered by

PORTER, J.: These appeals involve the same questions and will be considered together. Maggie McGuire brought suit against her sister, Rachel A. Davis, for the partition of 180 acres of land which their aunt Mary J. Culbertson had conveyed to them by warranty deed. Mrs. Culbertson filed an answer and cross-petition, alleging that by a mistake of the scrivener the deeds were made to convey the title in fee simple, and asked to have the deeds reformed in accordance with the intention of the parties so as to retain in herself a life estate in the lands.

By agreement of the parties the land was partitioned, and it was afterwards sold to the husband of Rachel A. Davis. It was agreed that the proceeds of the sale when paid into court should stand as the land itself, and "be the subject of litigation on all of the issues among all of the parties" the same as if the land had not been sold. Maggie McGuire filed her answer to the interplea signifying her consent, that the court should make a decree to protect the rights of Mrs. Culbertson. Mrs. Davis and her husband contested the claim of Mrs. Culbertson.

When the proceeds of the sale were paid the court made an order to which all the parties consented, directing that $1500 of the purchase price be retained in court to abide further orders of the court, and Maggie McGuire and Mrs. Davis were each required to give a bond to Mrs. Culbertson in the sum of $1500, conditioned that each "shall promptly and faithfully comply with any future orders, judgments or decrees of this court concerning money to be paid to the interpleader Mary J. Culbertson, for her actual and necessary clothing, nursing, support, medicines, medical attention and other necessaries of life during her life time, and her funeral expenses upon her decease, if the court should in the future order, adjudge or decree that the said plaintiff and defendant

Taylor v. Davis.

Rachel A. Davis should pay or be liable to the said Mary·J. Culbertson for any sums whatever," and the court retained jurisdiction of the cause "for the trial and determination of all untried and undetermined issues".

The appellant receipted to the sheriff for her share of the proceeds, the receipt stating that she agreed and acquiesced in the order retaining part of the money in the hands of the court.

Mary J. Culbertson died on January 7, 1913, and Harlan Taylor was appointed administrator with the will annexed. On July 2, 1913, upon the application of Kate Hurley, who had been made a defendant in the partition suit, the administrator was made a party to the action and ordered to interplead. Kate Hurley had a claim against the estate for services in caring for Mrs. Culbertson in the latter's life time. The administrator filed an interplea in substance the same as the cross petition of Mary J. Culbertson, with the further allegation that he had' in his possession all the personal property of the estate; that it amounted to a very small sum, and asking that the claims and costs of administration be made a lien upon the fund reserved from the sale of the real estate involved in the litigation. He asked that the deeds be reformed as prayed for in the original cross-petition of Mrs. Culbertson. The court granted the relief prayed for by the administrator, and Rachel A. Davis and her husband appealed to this court (McGuire v. Davis, 95 Kan. 486, 148 Pac. 755), where the judgment was affirmed.

Subsequently Kate Hurley was allowed in the probate court a claim of $542, and on October 7, 1915, the administrator presented a claim to the probate court asking an allowance of $75 for his services as administrator. The firm of Morse & Pees, attorneys, also filed a claim asking to be allowed the sum of $100 for their services rendered the administrator in the probate court, and the further sum of $150 for their services rendered the estate in the district court and in the supreme court. These claims were allowed by the probate court. Maggie McGuire alone appealed from the decision to the district court where she filed a plea, not challenging the amounts allowed to the administrator and attorneys, but claiming that no part of her share of the proceeds of the sale of the real estate should

be charged with these claims, on the ground that she was not responsible for the litigation, and that all of it was caused by the acts and conduct of Rachel A. Davis. To this plea the appellant demurred.

The administrator filed his verified application for an order directing the clerk to pay to him the amount remaining of the fund impounded by the court by its former orders and to require the appellant and Maggie McGuire to deposit with the clerk of the court each one-half of the amount required to pay the debts, costs and expenses of administration, and in default of their compliance he asked for an order to sue upon the bonds given under the former orders of the court. He also filed a motion for judgment on the pleadings in the district court on the question of the allowance of the claims and costs of administration.

The district court overruled appellant's demurrer to Maggie McGuire's answer, sustained the motion of the administrator, and found that after applying the amount in the hands of the administrator there was a small balance of unpaid claims, costs and expenses, that the claim of $150 fees for the attorneys of the administrator in the district and supreme courts should be paid out of the individual share of Mrs. Davis, and that all other items of unpaid claims, costs and expenses should be borne equally by Maggie McGuire and the appellant. Maggie McGuire was ordered to pay the sum of $94.82, and Mrs. Davis was ordered to pay the sum of $244.81 out of their shares of the estate. In default of their payment of the same within thirty days, the administrator was directed to commence an action upon the bonds. Maggie McGuire complied with the judgment; Rachel A. Davis appeals.

Various technical objections are urged against the judgment. It is claimed that the district court acquired no jurisdiction because the transcript failed to reach that court within thirty days from the time the order was made in the probate court. There is no force in this contention.

It is claimed that the court erred in granting leave to Maggie McGuire to file an answer or other pleading to the application of the administrator. The practice of filing pleadings in appeals to the district court is to be commended rather than criticised. It enables the parties and the court to understand

definitely what the issues are. The fact that the court permitted the appellant herself to file a pleading to the application of the administrator is also assigned as error. It is claimed that the court erred in taking testimony under and considering the answers of Maggie McGuire and Rachel A. Davis. The argument is that even though the appellant asked leave to file the pleading the court should have refused to grant it, because there was nothing that the court could take notice of. It is said that it is not the duty of the court to encourage litigation by granting such leave when there is nothing before the court that can be made the basis of a judgment or order. If there were any basis whatever for the contention the appellant is estopped to urge it, after obtaining leave and filing the pleading.

It is insisted that the judgment of the district court reforming the deeds contains no provision for the payment of claims against the estate. Whether they be considered technical claims against the estate or not, the whole subject matter of this litigation was retained by the court with the consent of the parties, and for this reason alone the technical objections raised by the appellant deserve but slight consideration. At the time the original decree was entered it was contemplated that Mrs. Culbertson, who was a very old woman, might not survive the litigation and that there would be claims presented for her care and for the cost and expense of the litigation, and further, that the district court should dispose of all controversies that might arise in respect to claims that might come against the land the same as though it had not been partitioned and sold.

There is a further contention that the judgment should be reversed because the applications in the probate court for allowances to the administrator and his attorneys were not verified under section 4572 of the General Statutes of 1915, which requires claims against an estate to be verified and to show that credit has been given the estate for all payments and offsets, and that the balance claimed is just and due. It appears that the claims were subsequently verified in the district court, and, besides, allowances to the administrator and his attorneys are made under section 4650 of the General Statutes of 1915, which provides for a hearing so that the

court shall be satisfied that the claim is reasonable and was necessarily incurred.

The contention that the allowances are not chargeable upon the land or its proceeds is one which the appellant has no right to make, because she consented to the decree which expressly provided that the proceeds of the sale should be the subject of litigation and stand for the land itself, and that the court should retain jurisdiction of the cause for the purpose of settling all claims against the land. That order was a part of the judgment in the former appeal and is *res judicata*.

There is a contention that the court had no power to make an order authorizing the administrator to bring suit. The theory seems to be that the probate court alone would have authority to direct what the administrator shall do. If this is the ground of the contention it is sufficient to say that the district court might have authorized the administrator as an individual to maintain a suit on the bond. There is no merit in the contention that the court erred in sustaining a motion for judgment on the pleadings. The court had all the facts before it. The demurrer admitted the facts pleaded and raised merely a question of law.

Upon the facts about which there is no dispute, we think it is clear that the appellant has no reason to complain of the justice of the orders made, and the judgment is affirmed.