### No. 23,734.

ELLEN DUNN, as Administratrix, etc., *Appellant,* v. S. G. DUNN, *Appellee.*

### No. 23,895.

*In re* THE ESTATE OF P. L. DUNN, Deceased (ELLEN DUNN, as Administratrix, etc., *Appellee,* v. S. G. DUNN, *Appellant*).

#### SYLLABUS BY THE COURT.

1. PARTNERSHIP — *Death of One Partner — Refusal of Survivor to Administer Assets—Rights and Power of Administratrix of Deceased Partner.* Where one of two alleged partners has died, and the survivor denies the fact of partnership and refuses to give bond for the alleged partnership property and to administer the assets, the administratrix, after giving the statutory

bond, has a *prima facie* right to the possession of the alleged partnership assets; and if the alleged surviving partner refuses to deliver possession she can maintain an action in the district court to determine the fact of partnership and the consequent title to the property.

2. SAME—*Disputed Title to Property—Jurisdiction of Probate Court.* The probate court cannot determine the title to property in dispute between an administratrix and an alleged surviving partner.

3. PARTNERSHIP—*Death of Partner—Refusal of Survivor to Administer Assets —Denial of Partnership—Administratrix of Deceased Partner Appointed— Procedure to Settle Up Partnership—Jurisdiction.* Where a plaintiff administratrix had filed her petition in a probate court, in which she sufficiently alleged the existence of a partnership consisting of defendant and the decedent whose estate she was authorized to administer, and alleged the citation of defendant to appear and give bond to administer as surviving partner, and that defendant denied the existence of the partnership and refused to give bond and administer, and that the administratrix gave the statutory bond and demanded possession of the alleged partnership assets, and that defendant refused to surrender the property, a citation for contempt was properly issued by the probate court; and defendant's affidavit denying the existence of the partnership did not raise an issue justiciable in the probate court, and his demurrer to the citation should have been overruled.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed December 9, 1922. Case No. 23,734 reversed; case No. 23,895 affirmed.

*Archie D. Neale,* of Chetopa, for S. G. Dunn.

*Paul MacCaskill,* and *E. L. Burton,* both of Parsons, for Ellen Dunn.

The opinion of the coure was delivered by

DAWSON, J.: These consolidated cases arc appeals from judgments of the district court of Labette touching the correctness of its determination of a matter brought to it from the probate court for review, and also its determination of an action on a related matter which originated in the district court.

In No. 23,734, the plaintiff, Ellen Dunn, administratrix of the estate of her deceased husband, P. L. Dunn, brought an action in the district court, alleging that P. L. Dunn and S. G. Dunn had formed a partnership in 1911 to engage in mercantile business in Chetopa, that pursuant thereto the "Dunn General Store" was conducted by these alleged partners for several years, and that owing to physical disability P. L. Dunn was unable to participate in the management of the store and it was conducted by defendant S. G. Dunn. Plaintiff alleged that after the death of P. L. Dunn and her appointment as administratrix she cited defendant to appear before

the probate court to administer the partnership estate, and that defendant appeared and denied the existence of the partnership and refused to give bond and administer. Plaintiff thereupon gave a statutory bond in the sum of $25,000 to administer the alleged partnership estate, and demanded of defendant the surrender of the partnership property. Defendant refused to deliver. Hence, this lawsuit to determine the fact of partnership and adjudicate the title to the property.

Defendant's demurrer to this petition was sustained, and plaintiff appeals.

In case No. 23,895, the record shows that plaintiff had filed a petition in the probate court which alleged her appointment as administratrix and alleged the existence of a partnership, consisting of the defendant and the decedent whose estate she was authorized to administer, alleged the citation of defendant to appear and give bond to administer as surviving partner, and that defendant had filed an affidavit in the probate court denying the existence of the partnership; that plaintiff consequently executed a bond for $25,000 to administer the partnership property, and alleged her demand for the possession of the partnership assets; that defendant refused to surrender the property; and concluded with a prayer that defendant be cited before the probate court for contempt. She also alleged that defendant had filed a demurrer to her pleadings, which the probate court sustained. Plaintiff appealed to the district court, which reversed the judgment of the probate court and remanded the cause with directions to set aside its ruling on the demurrer and for further proceedings. From this judgment the defendant appeals.

Touching the first of these appeals, No. 23,754, it should be noted that the trial court's original jurisdiction was invoked to determine questions which it alone could decide. The probate court could not adjudicate the controverted question of the fact of partnership; it could not adjudicate the title to the property. (*Leyerly v. Leyerly,* 87 Kan. 307, 124 Pac. 405; *Yockey v. Yockey,* 95 Kan. 519, 522, 523, 148 Pac. 408.) Counsel for defendant suggest no defect in the matter pleaded in plaintiff's petition and we discern none. It stated a cause of action, and all that is really urged in support of the demurrer is that it was essentially the same cause of action as the one appealed from the probate court, which is No. 23,895. This contention is unsound. The original action in the district court was a straight lawsuit involving a plain issue which no other court could

entertain, while the case appealed from the probate court only concerned the question whether defendant had stated a good defense to the citation for contempt. The demurrer admitted the truth of the material matters alleged in plaintiff's petition and it should have been overruled.

Touching No. 23,895, which was the case appealed from the probate court to the district court, and which the latter court reversed, it appears that the plaintiff administratrix proceeded in substantial conformity with the statute; she gave defendant an opportunity as surviving partner to give bond and close up the partnership estate (Gen. Stat. 1915, §§ 4515 *et seq.*); and when he failed to undertake that duty and privilege, she gave the requisite bond, and she was thereupon entitled to its possession, and when defendant resisted her right thereto, a citation against him (Gen. Stat. 1915, § 4522) was properly issued. His mere affidavit denying the existence of the partnership did not raise an issue justiciable in the probate court, and his demurrer was not good against the allegations of the petition. The bond of the administratrix protected his just rights, and neither on his own determination of this disputed matter nor on the probate court's futile ruling on the demurrer could the main controversy between the parties be determined. Therefore the trial court's judgment reversing the decision of the probate court was correct. As a practical matter the probate court might well have deferred its ruling on the citation until a court of competent jurisdiction had determined the fact of partnership and the controverted title to the property; but defendant was bound to surrender the property unless he had timely invoked the jurisdiction of the district court to adjudicate between himself and plaintiff the main question in dispute.

The decision of the district court in No. 23,734 is reversed, and its decision in No. 23,895 is affirmed.