No. 26,357.

In the Matter of the Estate of LEWIS C. RIGHTMIRE, Deceased, JAMES RIGHTMIRE, EDGAR DRAKE, MARY RIGHTMIRE and EMMA TOWNSEND, *Appellants,* v. MILTON RIGHTMIRE, as Sole Executor of the Last Will and Testament of LEWIS C. RIGHTMIRE, Deceased, *Appellee.*

SYLLABUS BY THE COURT.

1. COURTS—*Probate Jurisdiction—Claims for Money.* Probate courts are not courts of general jurisdiction and have no authority to pass upon a claim of one person against another for a money judgment.

2. EXECUTORS AND ADMINISTRATORS—*Allowance and Payment of Claims—Attorney's Fees.* When executors employ counsel to defend an action brought by the widow to set aside her consent to the will they primarily become personally liable for the attorney's fees, but are entitled to have such reasonable attorney's fees, necessarily incurred, allowed to them by the probate court as a part of the expense of administering the estate.

3. SAME—*Allowance of Attorney's Fees by Court—Jurisdiction.* When executors present to the probate court an account showing that it was necessary to employ counsel in an action against them, and ask to be allowed the attorney's fees paid by them for such purpose, the court has jurisdiction to determine whether the amount of the attorney's fees is reasonable and whether such fees were necessarily incurred, and if it so finds, to allow them to the executors as a part of the necessary expense of administering the estate; but has no jurisdiction to charge such attorney's fees to specific legatees whose bequests were not, by the will, to be diminished by expense of administration.

Appeal from Pottawatomie district court; MARTIN A. BENDER, judge. Opinion filed January 9, 1926. Reversed.

*W. F. Challis,* of Wamego, *Hal E. Harlan* and *A. M. Johnston,* both of Manhattan, for the appellants.

*A. E. Crane* and *B. F. Messick,* both of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: An action was brought by Mary Rightmire to set aside her written consent to the will of her late husband, Lewis C. Rightmire. The defendants were Porter Rightmire and Milton Rightmire, as executors of the will, and also as individuals, and James Rightmire, Emma Townsend and Edgar Drake. Porter Rightmire and Milton Rightmire, as executors and as individuals, employed Mr. A. E. Crane, an attorney, to represent them in the de-

Courts, 15 C. J. 1008 n. 33, 1012 n. 91, 1013 n. 92. Executors and Administrators, 24 C. J. pp. 66 n. 26, 98 n. 17, 99 n. 24, 109 n. 44, 976 n. 2.

fense of the action, and he filed answers for them as executors and separate answers for them as individuals, and successfully defended the action brought in the district court and in this court. (118 Kan. 707, 236 Pac. 839.) The other defendants employed no attorney and made no defense to the action. They were, in fact, in sympathy with plaintiff and aided her and counseled with her attorneys throughout the conduct of the litigation. Thereafter Porter Rightmire and Milton Rightmire, as executors, paid Mr. Crane his attorney fee and expenses, amounting to $1,150, the entire expense being charged to them as executors.

Thereafter Porter Rightmire and Milton Rightmire, as such executors, filed in the probate court a motion asking the court to make an order allowing and directing the executors to pay a reasonable attorney fee to counsel employed by them in defending the will in the sum of $1,150, reciting the litigation and the fact that they had been compelled to employ counsel to defend the same, and that the legatees under the will had declined to defend the action, and had counseled and aided the plaintiff.

They also filed in the probate court what is termed a special account, reciting the litigation above mentioned, and that the executors had charged against each of the other parties in that action the cost and attorney's fees as follows: To James Rightmire $350, Emma Townsend $350, Edgar Drake $400, and Mary Rightmire $50, and asked that the charges be made against such legatees, with interest at six per cent per annum from the date of payment. Attached to this special account was a copy of the will.

This motion and special account came on for hearing and approval. Mary Rightmire, James Rightmire, Emma Townsend and Edgar Drake appeared and objected to the jurisdiction of the court to approve the special account in which the attorney fee in question was charged to them. This objection was overruled, and after a hearing the court allowed the motion and modified the special account by charging $100 each to Porter Rightmire and to Milton Rightmire and the remainder to the other legatees, and they appealed to the district court. Upon a hearing there the court found:

"That the attorney's fees for $1,150 paid to A. E. Crane by said executors for his services in defending said consent and said action were and are reasonable and were necessarily expended by said executors in defense of the will and the consent of Mary Rightmire thereto; that the appellants, Mary Rightmire, Emma Townsend, James Rightmire and Edgar Drake, by reason of their

attitude and conduct with reference to the action brought in the district court to set aside the consent of Mary Rightmire to the will of Lewis C. Rightmire, should pay said attorney's fees in proportion to the amount given them as legacies under the will of Lewis C. Rightmire and that the apportionment made by said executors in their account filed in the probate court is correct."

Judgment was rendered accordingly. From this judgment Mary Rightmire, Emma Townsend, James Rightmire and Edgar Drake have appealed.

The will of Lewis C. Rightmire made a bequest of $3,500 to Emma Townsend, to be paid by Milton Rightmire out of certain lands devised to him, and a bequest of $3,500 to James Rightmire and of $1,500 to Edgar Drake, to be paid out of certain lands devised to Porter Rightmire, and made a bequest to Mary Rightmire of $400 per year during her life, to be paid by Porter Rightmire and Milton Rightmire out of certain lands devised to them. The will specifically provided for the payment of just debts, expenses of last illness and funeral; and the cost of procuring and erecting a tombstone, and the necessary expenses of the administration of the estate, out of proceeds of the personal property, the residue of which was bequeathed to Porter Rightmire as his sole and separate property. The personal property is ample to pay these charges and leave a substantial sum. The effect of the judgment of the court below was to relieve Porter Rightmire from paying this portion of the necessary expense of the administration of the estate, which represented the attorney's fees in question, and charge such fees against the specific legacies of the appellants.

An executor or administrator who employs attorneys to attend to litigation pertaining to the estate becomes primarily obligated to pay the attorney's fees (*Brown v. Quinton*, 80 Kan. 44, 102 Pac. 242), but is entitled to be allowed by the probate court a reasonable compensation for his services, and also necessary attorney's fees and other expenses as the court shall deem reasonable and necessarily incurred (R. S. 22-919) as a part of the cost of administering the estate. (R. S. 22-701, 24 C. J. 976.)

No question is raised as to the amount of the fee, neither is it seriously contended that the executors are not entitled to have their claim for this item allowed as a part of the reasonable and necessary expense of administering the estate. The contention is that the court erroneously taxed it, not as a part of necessary expense of administering the estate, but to specific legatees, a part of it to each of them.

This contention must be sustained. This item of attorney's fees was either an item for the probate court to consider and allow to the executors as a reasonable and necessary item of expense of their administration of the estate, or the probate court had no jurisdiction to allow it at all. Probate courts are not courts of general jurisdiction and have no authority to entertain an ordinary claim of one person against another for a money judgment. See statutes above cited, and *Carr v. Catlin,* 13 Kan. 393; *Gille v. Emmons,* 91 Kan. 462, 138 Pac. 608; *Yockey v. Yockey,* 95 Kan. 519, 148 Pac. 665. Since the case went from the probate court to the district court, the latter had only the jurisdiction of the former. (*Ross v. Woollard,* 75 Kan. 383, 89 Pac. 680.)

Appellees argue that the court was justified in the judgment rendered under the authority of *Taylor v. Davis,* 101 Kan. 347, 166 Pac. 486; but the case does not support that contention. It was originally a partition suit by a daughter against her mother and sister, in which the mother contended that a deed relied upon by plaintiff was, by mistake of the scrivener, so prepared as to convey full title, when it was agreed and intended that it should give to the mother a life estate and convey only a remainder to the two daughters, and asked that the deed be reformed in that respect. The sister named as a defendant filed an answer agreeing to the reformation of the deed, so the real contest in the partition case was between the plaintiff and her mother. The fees for attorneys in that case were charged to the plaintiff, and none of them charged to the sister named as defendant, who made no contest. That was entirely proper. They were ultimately determined in probate court because of the death of the mother pending the litigation, but that did not change the nature of the matter.

Appellees further rely upon *Aten v. Tobias,* 114 Kan. 646, 220 Pac. 196. That was an action in the district court to construe a will. The contest was really between grandchildren, as remaindermen, and children having a life use of the property. The children lost, and were adjudged to pay the expense of the litigation. Since it had to be paid out of their funds instead of out of the grandchildren's interest, as was all of the cost of administration, the court said it could be paid by the executor or charged direct to each of the children.

But in this case the will directs that the expense of administration shall be paid from his personal estate, and the remainder thereof

should go to Porter Rightmire.   Under the will, cost of administration of any character does not fall upon the legatees of specific bequests, hence the court was not justified in charging this expense to appellants.

The judgment of the court below will be reversed, with directions to enter judgment for appellants.

JOHNSTON, C. J., not sitting.