No. 31,108

W. A. SPARKS, *Appellant,* v. EMMA NECH, Guardian, ELLA NOVOTNY and ANNA NOVOTNY, *Appellees.*

(26 P. 2d 586.)

Opinion filed November 11, 1933.

*R. L. Hamilton,* of Beloit, and *J. B. Riseley,* of Stockton, for the appellant.
*H. McCaslin,* of Osborne, and *F. E. Young,* of Stockton, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to set aside a judgment.

Emma Nech, one of the defendants, was the guardian of the defendants Ella Novotny and Anna Novotny, minors, and in November, 1926, had on deposit in the Zurich State Bank the sum of $4,800. To secure her on the deposit, a bond was executed by W. A. Sparks, who was a stockholder of the bank and who is the appellant here, and by M. S. Graham, John Casey and J. A. Hall, alleged to have been officers of the bank, and by Henry Hamel, whose connection with the bank, if any, is not disclosed. The bank

failed, and the guardian brought suit on the bond. On January 21, 1930, a settlement was effected between the guardian and defendant Casey and reduced to writing wherein he paid, $1,200 to the guardian and assigned to her "any rights he may obtain by reason of having paid a portion of the bond." This settlement was submitted to and approved by the probate court, and on the same day the action in the district court came on for trial, at which defendant Casey appeared by counsel and the above stipulation of settlement was approved. The journal entry of judgment recites that the other defendants made no appearance and offered no defense, and judgment was rendered against them for $3,600 and interest from that date. Subsequent thereto an execution issued, and thereafter a motion to vacate the judgment was filed, and later submitted and denied. Thereafter the present action was filed, the petition alleging a portion of the above facts, which are gathered from it and the plaintiff's opening statement. Plaintiff alleged that he signed the bond mentioned with the understanding and agreement that the other defendants in the first action were principals and that he was a surety, that the bank was in good financial condition, and that he would never be called upon to pay the amount of the bond or any part of it, and that the statements concerning the bank were false. He further alleged that he has a good defense to the first action in this: That defendants Casey, Graham and Hall informed him they had provided counsel for him as well as themselves, and his interests would be equally protected, and that he was informed an answer had been filed and relied thereon and had no notice or knowledge of said action coming on for hearing, was not in default, and had no notice or knowledge except he was informed that Casey had settled the entire matter. As to the claim that he had an understanding with his cosigners on the bond that he was secondarily liable, and that his signature was fraudulently obtained, there is no allegation that the guardian had any knowledge or notice of any kind thereof. It was alleged further that after the settlement made by defendant Casey was approved, the action was dismissed with prejudice as to all parties and that the order of dismissal was never set aside, the judge's notes on the trial docket reciting:

"Cause dismissed with prejudice to future action as per stipulation signed by counsel for both parties and approved by the court."

And it was further alleged that the amount of the judgment was undetermined because of the assignment of dividends on the claim.

When the case came on for trial, after plaintiff had made his opening statement, defendant moved for judgment on the pleadings and opening statement, which motion was allowed and judgment was rendered for defendant for costs.

The plaintiff appeals and assigns as error: (1) That the judgment sought to be set aside was void because of the release of Casey before judgment was entered. (2) That the matter was still pending in the probate court and the district court was without jurisdiction. (3) That there was an abandonment of appellant's case without notice, and (4) That the court erred in allowing the motion for judgment.

Appellant argues as though the relation of principal and surety existed between himself and his codefendants in the action on the bond. Assuming it did, there is no claim that the guardian, the appellee here, knew anything about that relation. The bond itself shows all of the original defendants signing in the same capacity. Appellant, had he been diligent, might have had his rights determined as between himself and his cosigners, but whatever that determination might have been, it would not have affected the guardian.

It is also argued that when Casey settled with the guardian, it released appellant, and decisions in cases arising in tort actions and authorities having to do with the relation of principal and surety are cited. Under the admitted facts, as between the guardian and the signers of the bond, no question of principal and surety is raised, and we are not here concerned with appellant's claims as against the other signers. Under R. S. 16-101 the obligation on the bond contract was joint and several, and under R. S. 16-105 the guardian had the right to make the settlement she did with Casey. The judgment was rendered, not for $4,800, the amount of the bond, but for $3,600. Casey's proportionate share was one-fifth of $4,800 or $960, while credit was given for the full amount which he paid, and appellant was not prejudiced.

With reference to the contention that the cause was dismissed with prejudice, it must first be remarked that the judge's notes are no part of the record and cannot be used to impeach what is said in the journal entry of judgment. Further, it is apparent that the notation refers solely to the defendant Casey, for the dismissal is "as per stipulation," and appellant here was not a party to the stipulation.

The contention that the district court was without jurisdiction is without merit. Simply because the bond was given to a guardian of minors, whose estate is subject to supervision by the probate court, the district court, a court of general jurisdiction, is not deprived of power to determine liability on the bond. Under such a situation, the probate court would be without authority to make any effective order to compel the sureties on the bond to respond. *Rightmire v. Rightmire,* 120 Kan. 95, 242 Pac. 138.

As to abandonment without notice of appellant's defense on the action on the bond, nothing more need be said than that if he did not get to present his defense fully it was because of his reliance upon promises and assurances of his codefendants. *Gooden v. Lewis,* 101 Kan. 482, 167 Pac. 1133. It is not contended that the guardian prevented him in any manner from showing whatever defense he may have had. It is claimed he had an answer filed, but the nature of its allegations is not disclosed in the record. If it alleged no more than is indicated in the petition in this case, it did not present a defense in so far as the guardian was concerned.

As to the fourth assignment of error, it is apparent that it cannot be sustained. And another and further reason why the appellant must fail is that there is no showing whatever of any unavoidable casualty or misfortune which prevented him from defending the original action on the bond. He elected to cast his fortunes with his codefendants; he cannot now charge them with fraud and bind the plaintiff, who had no knowledge thereof.

The judgment of the lower court is affirmed.

HUTCHISON, J., not sitting.