## No. 31,918

In re the Estate of William Eanoshke, Deceased. DONALD H. CORSON, Administrator, *Appellant*, v. NORMAN B. SORTER, Guardian of Mary Snitka, a Minor, *Appellee.*

(37 P. 2d 1020)

Opinion filed December 8, 1934.

*Donald H. Corson, John E. McFadden* and *T. P. Palmer,* all of Kansas City, for the appellant.

*H. J. Smith* and *A. M. Etchen,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought originally in the probate court of Wyandotte county by Mary Snitka, a minor, through Norman B. Sorter, her guardian, for the purpose of trying the title and ownership of personal property claimed by Mary Snitka, alleged to have been given her by William Eanoshke in his lifetime and

immediately preceding his death as a gift *causa mortis*. William Eanoshke, a native of Russia, came to the United States seventeen years prior to his death, and for a time boarded in the home of John and Stella Snitka, who are the father and mother of Mary Snitka. Mary was eighteen years old at the time of the trial.

A supper party was held at the Snitka home on May 25, 1932, which William Eanoshke attended, and others were there. While there he was taken suddenly sick, and died within thirty minutes after the attack. Before this occurrence Eanoshke had boarded and roomed in another part of the city several miles from the house in which he died, and there he kept his personal belongings, consisting of a trunk, a bank book of a savings account in the Riverview State Bank, and some Postal Savings certificates, all of which latter items were located in Eanoshke's trunk.

After his death and on June 30, 1932, the public administrator was by the probate court named administrator of the estate of William Eanoshke, and took possession of his personal property. Subsequently and on November 18, 1932, Mary Snitka filed a petition in the probate court through her guardian claiming to be the owner of the entire estate of William Eanoshke, under a gift *causa mortis*, and praying for an order of the court declaring her to be the owner of all the estate now in the hands of the administrator.

To that petition the administrator answered denying that the deceased gave and delivered to the claimant, or to any person for her, all or any part of the estate, and raising the question of the jurisdiction of the probate court to try title to the property involved. The issue was tried in the probate court, and the finding made in favor of the claimant, and on appeal to the district court the case was, by stipulation of the parties, submitted to the court without a jury, and upon the evidence and record produced, the court found that the deceased was engaged to be married to Mary Snitka, the ceremony having been set for July 6, 1932; that he was suddenly stricken with a fatal illness from which he died in about thirty minutes; that immediately prior to his death he realized that he was about to die, and stated to Stella Snitka, mother of Mary Snitka, in the presence of various witnesses, that he thought he was going to die, and that he gave to Mary Snitka all of his property; that on said occasion the said William Eanoshke informed Stella Snitka where the evidence of his property was located, and that

Stella Snitka was to obtain the property and give it to the said Mary Snitka, and that shortly thereafter he died; that the personal property was located in deceased's trunk several miles from the house in which he died, and the court found that William Eanoshke, by a valid gift *causa mortis*, conveyed all the property, and that the delivery thereof was complete and valid, and it rendered judgment accordingly.

The appellant claims the court erred in assuming jurisdiction to hear and decide the controversy; second, in finding that the deceased in his lifetime had made a valid gift *causa mortis* of all of his personal property to appellee as claimant.

The case was in fact a replevin action for the recovery of property. Mary Snitka proceeded on the theory that she was already the owner of the property and had acquired it by what had transpired in the thirty minutes preceding the death of William Eanoshke. To repeat the occurrence at the time of his death: Mary, it appears, had gone to bed, but a number of the party remained up; Eanoshke became suddenly sick and Mrs. Snitka said that he first went to bed and remained there about ten minutes, and came out saying, "Mother, I am very sick, give me a cup of hot water"; he said to her, "Mother, I am going to die; I want you to take my bank book and take my trunk and find that money and give it to Mary." She told him, "You don't die, you don't look awful bad," and he told her, "All right." He said, "I am very sick," and asked her to wake Mary up. He said to those that were present, "I cannot talk any more. Everything that is mine I give to Mary, nobody gets anything from me, it is all for Mary."

One of the party testified that she was called back to the Snitka home and found Eanoshke had gone to bed, that he said, "Where is my Mary, she go for the doctor." He said, "Everything I got I give to Mary. I guess I die, I am bad sick." He was brought a drink of water and after a couple of minutes he died. He further stated, "Everything I got I give to Mary. You find it in my trunk." The witness was asked, "Who was he talking to, to you?" And she answered, "Yes."

The guardian who brought the action to recover the property for Mary Snitka proceeded on the theory that Mary had already become the owner of the property and was seeking to get possession of the same. He brought the action in the probate court. Probate courts are not courts of general jurisdiction, and it has been held

that the probate court had no power to adjudicate the title to property. The appeal from the judgment rendered by the probate court vested the district court with only such jurisdiction as the probate court had. (*Rightmire v. Rightmire,* 120 Kan. 95, 242 Pac. 138.)

In *Dunn v. Dunn,* 112 Kan. 279, 211 Pac. 161, where the question of jurisdiction was involved, it was held that the probate court had no general jurisdiction and could not determine the matter of title to the property. It was said that the probate court could not adjudicate the controverted question of fact of partnership and that it could not adjudicate the title to the property. In *Humbarger v. Humbarger,* 72 Kan. 412, 83 Pac. 1095, where there was a charge of concealment of property and an action was brought to compel the production and delivery, and when it was developed that there was no concealment, the end of the investigation was reached, it was held that the probate court was without jurisdiction to determine whether there was any liability on the note claimed to have been concealed, and that the court was without power to adjudicate the question as between the administrator and third parties. In *Hartwig v. Flynn,* 79 Kan. 595, 100 Pac. 642, it was determined that the probate court had no jurisdiction to try the title and finally determine the ownership of such securities as were claimed in that case by the executor and another person not a party to the proceeding. That such adverse claims can only be determined in a court of competent jurisdiction.. (See, also, *Leyerly v. Leyerly,* 87 Kan. 307, 124 Pac. 405; *Gille v. Emmons,* 91 Kan. 462, 138 Pac. 608; *Byerly v. Eadie,* 95 Kan. 400, 148 Pac. 757; *Yockey v. Yockey,* 95 Kan. 519, 148 Pac. 665.)

The probate court was without jurisdiction to determine the ownership of the property, and the question will have to be tried in a court of competent jurisdiction.

Considerable argument has been made that a gift *causa mortis* required a matter of delivery, but since the probate court had no jurisdiction to try the question of title, the matter cannot be determined in this case.

The judgment is reversed with directions to dismiss the case.